CHIEF JUSTICE PETERS
delivered the opinion op the court.
Appellee recovered a judgment against appellant in the Quarterly Court of Livingston County for the sum of fifty *252 dollars, exclusive of interest and costs, upon which an execution issued, and was returned by the proper officer, in substance, “no property found.”
Appellee then brought a suit in the Livingston Court of Common Pleas against appellant and the trustees of Smith-land to subject a debt owing by the ■ latter to the former to the satisfaction of his judgment.
After a demurrer to the petition had been overruled and the. answer of Burnes had been adjudged on demurrer insufficient, the trustees having failed to answer, judgment was rendered against them for the amount claimed by appellee to be owing to him by appellant; and to reverse that judgment Burnes prosecutes this appeal.
The primary question presented for consideration by this record is, had the Livingston Court of Common Pleas jurisdiction of the case?
Section 29 of the Civil Code in express terms confers exclusive jurisdiction on justices’ courts and quarterly courts of all actions and proceedings for the recovery of money or personal property where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars in value;
As the judgment sought to be enforced by the proceedings is just fifty dollars, exclusive of interest and cost, it would seem that this section would be decisive of the question.
But section 474 of the Civil Code provides that “after an execution of fieri facias directed to the county in which the judgment was rendered, or to the county of the defendant’s residence, is returned by the proper officer, either as to the whole or part thereof, in substance, no property found to satisfy the same, the plaintiff in the execution may institute an action, by equitable proceedings, in the court from which the execution issued, or in the court of any county in which the defendant resides or is summoned, for the discovery of any money, chose in action, equitable or legal interest, and all other *253 property to which the defendant is entitled, and for-subjecting the same to the satisfaction, of the judgment; and in such actions persons indebted to the defendant in the execution, or holding the money or property in which he has an interest; or holding the evidences or securities for the same, may be also made defendants.”
The execution having been directed to the county in which the defendant resided, as may be presumed, and certainly to the county in which the judgment was rendered, the section last quoted designates the court of the same county in which proceedings may or shall be instituted to subject the choses in action of the debtor to the satisfaction of the judgment, which is the court in which the judgment was rendered, exclusive of the chancellor. This construction harmonizes the two sections herein quoted, and is sustained by the previous decisions of this court of Quast v. Buldall (MS. Opinion) and John Millett v. John W. Cole, &c. (MS. Opinion, September, 1872.)
Wherefore the judgment is reversed, and the cause is remanded with directions to dismiss appellee’s petition, the Livingston Court of Common Pleas having no jurisdiction.