CASE 13—PETITION EQUITY—JAN. 22.

# Jones v. Jeffress.

### APPEAL FROM CARTER CIRCUIT COURT.

THE CIRCUIT COURT HAS JURISDICTION OF AN ACTION TO SUBJECT THE
EQUITABLE TITLE TO REAL ESTATE to the satisfaction of a judg-
ment rendered by the quarterly court, of the same county, on which
executions had been issued and returned *no property found* from the
quarterly court, and also from the clerk's office of the circuit court
on a transfer of the judgment to that office.

*A lien created by the institution of a suit* to subject the equitable
title to real estate to the satisfaction of a judgment after return
of "no property found" has preference over liens created after the
institution of the suit for materials furnished and work done, &c.

L. T. MOORE, . . . . . . . . . . . . For Appellant.

R. D. DAVIS, . . . . . . . . . . . . For Appellee,

CITED

Civil Code, sec. 474.           General Statutes, chap. 70.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

Appellee having recovered a judgment in the Carter County
Quarterly Court against W. A. Hatchett for the sum of $86.70,
and having sued out execution on said judgment against
Hatchett, directed to the proper officer of said county, and
the same having been returned "no property found," he filed
a transcript of the record with the clerk of the circuit court
of Carter County, and caused an execution to issue on said
judgment directed to the sheriff of said county, who in like
manner returned *that* execution indorsed "no property found."
Appellee thereupon brought this suit in equity in the Carter
Circuit Court with attachment, alleging that Hatchett had con-
tracted to purchase from William D. Jones a certain lot in the

town of Grayson, in Carter County, at the price set forth, and then had possession of said lot, the legal title being in Jones, and he prayed that the lot might be subjected to the payment of his debt.

Jones answered and admitted that he had contracted to sell the lot to Hatchett at the price of $250; averred that the contract was by parol, and that Hatchett owed him the full sum of $250, the price he agreed to pay for the lot, no part of which had been paid; and in an amended answer he professed his willingness to execute the parol contract, and tendered a deed for the lot, and therein asserted an additional lien, alleging that Hatchett had erected a frame building on the lot, and that he had supplied him with brick, lumber, and other materials to construct said house amounting to $235, and claimed a lien therefor on the house and lot superior to appellee's. Some mechanics also came in and claimed a lien on the building for labor performed by them in its erection.

On final hearing the court below adjudged that Jones had a superior lien on the property for the price of the lot, being $250, and that appellee's debt should be next paid, and ordered a sale of the property to pay the debts in the order aforesaid, giving appellee preference over Jones's claim for materials, etc., furnished; and from that judgment Jones has appealed.

The first objection made to the judgment is that the Carter Circuit Court had no jurisdiction, and that the suit should have been instituted in the Carter County Quarterly Court, the court that rendered the first judgment.

Section 474, Civil Code, provides "that after an execution of *fieri facias* directed to the county in which the judgment was rendered, or to the county of the defendant's residence, is returned by the proper officer either as to the whole or a part thereof in substance no property found to satisfy the same, the plaintiff in the execution may institute an action by equitable proceedings *in the court from which the execution issued* or in the

court of any county in which the defendant resides or is summoned. . . ."

It has already been observed that the last execution was issued from the *Circuit Court of Carter County,* so that according to the literal construction of the *section supra* the *Carter Circuit Court* had jurisdiction. Nor is this adjudication in conflict with Burnes v. Cade (10 Bush, 251). In that case it did not appear that an execution had ever issued from the circuit court.

Besides, by the proceedings in this case the equitable title to real estate was sought to be subjected to be sold, and that conferred jurisdiction on the circuit court.

The materials and lumber for which appellant claims a lien were furnished after the institution of this suit and service of process on him, and if he improved the lot, or contributed to its improvement by furnishing materials after he had become a party to the suit by actual service of process, he made the investment subject to the claim of appellee.

By section 476, Civil Code, appellee was entitled to his attachment without affidavit or bond.

Perceiving therefore no error in the judgment in the court below, the same is affirmed.