## A. C. Perry *v.* W. B. Williams.

**Equity—Enforcement of Judgment.**

> Before one can apply to a court of equity to enforce his judgment taken in a court of law he must have execution issued from the clerk's office of the circuit court and a return of no property found.

APPEAL FROM BUTLER CIRCUIT COURT.

December 5, 1877.

OPINION BY JUDGE PRYOR:

It is clear that the appellant, before he could apply to a court of equity to enforce his judgment, must have his execution issued from the clerk's office of the circuit court and a return of no property found. The chancellor will only take jurisdiction in such cases when there is no remedy at law; and a return of no property found upon an execution issued by a justice of the peace is no evidence of the debtor's want of legal estate to satisfy the execution. The case of *Jones v. Jeffress,* 11 Bush 636, relied on by the appellant, decides the question involved. In that case there was a return of no property found on the execution issued from the circuit court.

The equitable title to real estate was subject to be subjected, and this gave the jurisdiction to that court. This is manifest. The justice of quarterly court had no jurisdiction to sell land, or an interest in land, the circuit court above having jurisdiction. When going into the circuit court, however, the pleader must present a cause of action. He must show why he comes into a court of equity. If he merely alleges that the interest sought to be subjected is equitable and cannot be sold under an execution, the response of the chancellor will be that to give him the right to sell one must show not only that he is seeking to subject an equity, but that there is no legal estate out of which his execution can be satisfied. This is a well recognized rule, and the fact that an answer was filed did not cure the error. Judgment *affirmed.*

*B. L. D. Guffy, for appellant. L. J. Smith, for appellee.*